■ In the Matter of PETER LEINEN, Appellant, v WILLIAM F. POLSEN, as Chief of Police, et al., Respondents.—Upon appeal by permission, judgment of the Supreme Court, Westchester County, entered February 21, 1975, affirmed insofar as appealed from, without costs, and stay heretofore granted by this court by order dated April 3, 1975 vacated. No opinion. Gulotta, P. J., Martuscello, Christ, Brennan and Shapiro, JJ., concur.

## THIRD DEPARTMENT, MAY, 1975

### (May 1, 1975)

■ In the Matter of OWENS D. GROGAN, as District Attorney of Franklin County, Respondent, v RICHARD COOK, JR., Appellant. In the Matter of OWENS D. GROGAN, as District Attorney of Franklin County, Respondent, v. FRANCIS BOOTS et al., Appellants.—Appeal from orders of the County Court of Franklin County, entered November 23, 1973 and January 4, 1974, which, respectively, directed the removal of appellant Cook from a portion of the St. Regis Indian Reservation after a trial and granted summary judgment directing the removal of appellants Boots and Porter from the entire reservation. At the request of the elected chiefs of the American St. Regis Indian Tribe, the District Attorney of Franklin County instituted proceedings pursuant to section 8 of the Indian Law to have appellants declared to be intruders on the St. Regis Indian Reservation, situated in Franklin County, New York, and thereby obtain the removal of appellant Cook from a certain tract of land on the reservation and the removal of the remaining appellants from the entire reservation. Relying solely on the fact that appellant Cook voluntarily removed his name from the annuity roll of the tribe, prepared pursuant to section 100 of the Indian Law, and that the names of appellants Boots and Porter do not appear on said annuity roll, the trial court determined that appellants were not members of the American St. Regis Tribe and directed their removal from reservation land as requested by the tribal chiefs. On this appeal, the court's determination as to tribal membership is challenged, and we agree that it was improper and cannot be permitted to stand. Section 100 of the Indian Law provides for the preparation of an annuity roll which contains the names of those members of the tribe eligible to receive annuity money from the State and, also, the names of those entitled to vote in tribal elections (Indian Law, § 108). Neither the record nor relevant case law supports the result reached here, however, where membership in the tribe was equated with having one's name on the annuity roll. In our opinion, tribal membership must be determined in accordance with the laws, usages and customs of the tribe (see *Matter of Patterson v Council of the Seneca Nation,* 245 NY 433), and, hence, it was error for the trial court to sustain the District Attorney's objection to the attempt by appellants' counsel to explore these areas in his examination of the tribal chiefs. Accordingly, these matters must be remitted for trial in which an opportunity should be granted for a complete examination into the laws, usages and customs of the American St. Regis Indian Tribe as they relate to tribal membership. Orders reversed, on the law and the facts, without costs, and matters remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.